McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN        3639-0
DAVID D. DAY           9427-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com
       day@m4law.com

Attorneys for Defendant
REVENUE CYCLE MANAGEMENT,
LLC d/b/a REVENUE CYCLE
MANAGEMENT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JUSTEN PALEKA, | ) | CIVIL NO. 13-00595 HG KSC |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | DEFENDANT REVENUE CYCLE |
|  | ) | MANAGEMENT, LLC'S |
| vs. | ) | ANSWER TO COMPLAINT FOR |
|  | ) | DAMAGES DECLARATORY |
| REVENUE CYCLE MANAGEMENT, | ) | AND INJUNCTIVE RELIEF |
| LLC d/b/a REVENUE CYCLE | ) | WITH VERIFICATION, FILED |
| MANAGEMENT OF HAWAII, | ) | ON NOVEMBER 5, 2013; |
|  | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) |  |
|  | ) |  |

297933.1

## DEFENDANT REVENUE CYCLE MANAGEMENT, LLC'S ANSWER TO COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF WITH VERIFICATION, FILED ON NOVEMBER 5, 2013

Defendant Revenue Cycle Management, LLC d/b/a Revenue Cycle Management of Hawaii ("Defendant"), by and through its counsel, McCorriston Miller Mukai MacKinnon LLP, hereby submits the following as its Answer to Plaintiff Justen Paleka's Complaint for Damages Declaratory and Injunctive Relief With Verification ("Complaint"), filed on November 5, 2013:

FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

2. In response to Paragraphs 1 and 3 of the Complaint, Defendant states that the Complaint speaks for itself, and on that basis, Defendant further denies all remaining allegations.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 2, 5, 8, 20, 24, 25 and 43 of the Complaint and thus, those allegations are denied.

4. In response to Paragraph 4 of the Complaint, Defendant admits that Defendant transacts business here, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and thus, those allegations are denied.

5.    Defendant admits the allegations contained in Paragraphs 6, 9, 10, 14, 26, 29, 30, 31, 32, 33 and 34 of the Complaint.

6.    In response to Paragraph 7 of the Complaint, Defendant admits that its registered agent, to wit, is: Revenue Cycle Management, LLC, c/o Noa Char, 3221 Waialae Avenue, Suite 338, Honolulu, HI 96816, and that the remaining allegations therein state legal conclusions, and on that basis deny the allegations.

7.    In response to Paragraphs 11, 12, 13, 16, 23, 46, 48, 50, 51, 52, 53 and 62 of the Complaint, Defendant states that the allegations therein state legal conclusions, and on that basis deny the allegations.

8.    In response to Paragraph 15 of the Complaint, Defendant admits that sometime prior to September 1, 2013, Plaintiff's alleged debt was sold or otherwise transferred to Defendant for collection from Plaintiff, but denies the remaining allegations of Paragraph 15.

9.    Defendant denies the allegations in Paragraphs 17, 18, 19, 21, 22, 28, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 47, 49, 54, 55, 56, 57, 58, 59, 60 and 61 of the Complaint.

10.   In response to Paragraph 27 of the Complaint, Defendant admits that in the calls, Defendant's automated system immediately advises Dallen to hand up if he is not Justen Paleka, but denies the remaining allegations of Paragraph 27.

11. Each and every other allegation not heretofore specifically answered is denied.

## THIRD DEFENSE

12. Plaintiff has failed to join parties indispensable and necessary under Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

13. Plaintiff's claims fail based on the doctrine of res judicata.

## FIFTH DEFENSE

14. Plaintiff's claims fail based on the doctrine of collateral estoppel.

## SIXTH DEFENSE

15. Plaintiff's claims fail based on the doctrine of judicial estoppel.

## SEVENTH DEFENSE

16. The Complaint fails to state a claim against Defendant in that Plaintiff has based his claims upon alleged violations of 15 U.S.C. § 1692, et. seq., and the Fair Debt Collection Practices Act ("FDCPA"), but all actions by Defendant are fully compliant with those statutes.

## EIGHTH DEFENSE

17. Defendant asserts the defense of unintentional bona fide error, recognized by section 813 of the FDCPA, 15 U.S.C. § 1692k(c).

## NINTH DEFENSE

18.  Plaintiff suffered no damage from any act of Defendant and is therefore not entitled to any award of damages or attorneys' fees or costs.

## TENTH DEFENSE

19.  Plaintiff failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

20.  Any damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions or omissions of Plaintiff and does not give rise to any liability of the part of Defendant.

## TWELFTH DEFENSE

21.  Plaintiff's claims are barred because Defendant had no duty to verify the debt at issue.

## THIRTEENTH DEFENSE

22.  Plaintiff's claims are barred by the statute of limitations.

## FOURTEENTH DEFENSE

23.  Plaintiff's Complaint fails to present a justifiable controversy between Plaintiff and Defendant.

## FIFTEENTH DEFENSE

24.  Plaintiff lacks standing to assert the claims set forth in his Complaint.

## SIXTEENTH DEFENSE

25. This action is not prosecuted in the name of the real party in interest.

## SEVENTEENTH DEFENSE

26. Defendant hereby gives notice that it reserves the right to assert other affirmative defenses, including, without limitation, any provided for under Rule 8(c) of the Federal Rules of Civil Procedure and under the FDCPA, the propriety or applicability of which may be disclosed through future discovery and investigation of Plaintiff's Complaint.

WHEREFORE, Defendant prays as follows:

A. That the Complaint filed herein be dismissed.

B. That Defendant be awarded its costs and attorneys' fees.

C. That the Court award such other relief as it may deem just and proper under the circumstances.

DATED: Honolulu, Hawai'i, _____NOV 2 7 2013_____.

_____
DAVID J. MINKIN
DAVID D. DAY

Attorneys for Defendant
REVENUE CYCLE MANAGEMENT, LLC
d/b/a REVENUE CYCLE MANAGEMENT
OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTEN PALEKA,<br><br>                Plaintiff,<br><br>vs.<br><br>REVENUE CYCLE MANAGEMENT, LLC d/b/a REVENUE CYCLE MANAGEMENT OF HAWAII,<br><br>                Defendant. | CIVIL NO. 13-00595 HG KSC<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was duly served upon the following persons either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated, addressed as set forth below:

297933.1

    RICHARD HOLCOMB, ESQ.   (ECF)
    rholcomblaw@live.com
    BRIAN J. BRAZIER, ESQ.
    brianbrazier@gmail.com
    1136 Union Mall, Suite 808
    Honolulu, Hawai'i 96813

    Attorneys for Plaintiffs

DATED: Honolulu, Hawai'i, _____NOV 2 7 2013_____.

    _____
    DAVID J. MINKIN
    DAVID D. DAY

    Attorneys for Defendant
    REVENUE CYCLE MANAGEMENT, LLC
    d/b/a REVENUE CYCLE MANAGEMENT
    OF HAWAII